An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

MICHAEL DAVID PEREZ,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 60743



FILED

FEB 14 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## ORDER OF REVERSAL AND REMAND

This is an appeal from an amended judgment of conviction, pursuant to a guilty plea, of attempted murder and mayhem. Eighth Judicial District Court, Clark County; Doug Smith, Judge.

Appellant Michael Perez argues that the district court abused its discretion by denying his presentence motion to withdraw his guilty plea, which alleged the district court violated Cripps v. State, 122 Nev. 764, 137 P.3d 1187 (2006), by improperly inserting itself into the plea negotiations. We agree.

On the day set for trial, the district court asked each party if any negotiations had been reached. Counsel for Perez informed the court that the State had made an offer requiring Perez to plead guilty to attempted murder and mayhem in exchange for dismissing several charges but the parties were unable to come to an agreement. The district court asked Perez directly if he wanted to take the State's offer and Perez responded that he thought he was being overcharged and had been unable to discuss the offer with his family. The district court then stated, "[T]he bottom line is if you're convicted, I'm a real hard sentencer." The district

13-04790

court excused the State from the room and brought in Perez's family, specifically instructing them to look at a photograph[1] and reiterating that it had "a bad reputation of being a real hard sentencer." Eighteen minutes passed off the record and when recording resumed the district court informed the State that it told Perez it would sentence him to a term of 5 to 15 years if he pleaded guilty and that Perez now wanted to accept the State's offer. The State strenuously objected, noting that it had not yet presented all of the necessary information and that a much higher sentence was warranted. The district court stated that while it would allow both parties to argue, Perez's sentence would not exceed 15 years. The district court canvassed Perez and accepted his guilty plea on the same day. Perez subsequently moved to withdraw his guilty plea based upon the district court's inappropriate participation in the plea negotiation process. The district court denied his motion, noting that after its consideration of the totality of the circumstances the plea was a "good plea taken."

The district court's off-the-record discussion with Perez and participation in the plea negotiations was conduct this court expressly prohibited in Cripps. Id. at 770-71, 137 P.3d at 1191. Further, the district court's statement that "if [Perez] was convicted, I'm a real hard sentencer" strongly implied that Perez would receive a longer sentence if he rejected the plea and was convicted at trial. See U.S. v. Cano-Varela, 497 F.3d 1122, 1133 (10th Cir. 2007) (noting that "the Courts of Appeals all appear

---

[1]It is unclear from the record provided exactly what was captured in the photograph, but both parties indicate it was a photograph of the victim's injuries.

to hold that any 'discussion of the penal consequences of a guilty plea as compared to going to trial is inherently coercive, no matter how well-intentioned'" (quoting U.S. v. Johnson, 89 F.3d 778, 783 (11th Cir.1996))). The error was not harmless because it is clear from the record that the district court's participation was a material factor in Perez's decision to plead guilty. Cripps, 122 Nev. at 771, 137 P.3d at 1192. Accordingly, we conclude that the district court erred by denying Perez's motion to withdraw his guilty plea, and we

ORDER the judgment of conviction REVERSED AND REMAND this matter to the district court for proceedings before a different district court judge to allow Perez an opportunity to withdraw his plea.

_____, J.
Hardesty

_____, J.
Parraguirre

CHERRY, J., concurring:

I concur in the result, but believe that this court should reconsider its holding in Cripps v. State, 122 Nev. 764, 137 P.3d 1187 (2006).

_____, J.
Cherry

cc:    Hon. Jennifer Togliatti, Chief Judge
       Hon. Doug Smith, District Judge
       Coyer & Landis, LLC
       Attorney General/Carson City
       Clark County District Attorney
       Eighth District Court Clerk